## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MICHAEL ROBERTSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA DEBT RECOVERY LLC d/b/a GENESIS,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Michael Robertson ("Plaintiff"), individually and on behalf of all others similarly situated, brings this putative class action against Defendant Columbia Debt Recovery LLC d/b/a Genesis ("Defendant") and, based upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and upon information and belief, supported by the investigation of counsel, as to all other matters, alleges as follows:

### NATURE OF THE ACTION

1. This putative class action arises out of Defendant's systematic and willful violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

2. Through its enactment of the TCPA, Congress sought to protect consumers from intrusive and unwanted robocalls and text messages that invade privacy and disrupt daily life. *See Drazen v. Pinto*, 74 F.4th 1336, 1343 n.5 (11th Cir. 2023); *see also Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021) (noting TCPA's aim to curb "abusive telemarketing practices").

3. As alleged herein, Defendant engaged in a pattern of unlawful telemarketing by targeting Plaintiff and the proposed Class ("Class," defined below) with unsolicited telephone calls

using an artificial or prerecorded voice without prior express written consent, in violation of 47 U.S.C. § 227(b)(1)(A).

4. Through this action, Plaintiff seeks an award of actual and statutory damages to Plaintiff and the Class to compensate for the injuries inflicted by Defendant's misconduct, and injunctive relief to halt ongoing and future unlawful telemarketing practices in violation of the TCPA.

## JURISDICTION AND VENUE

5. **Subject Matter Jurisdiction**. This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331, as those claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

6. **Personal Jurisdiction**. This Court has personal jurisdiction over Defendant because this action arises out of and relates to Defendant's purposeful contacts with this state through its initiation and/or direction of unlawful telemarketing to Plaintiff, who received such telemarketing while located in this state. Defendant purposefully availed itself of the privilege of conducting business in this state by targeting consumers in this state with telemarketing activities, thereby establishing minimum contacts sufficient to support the exercise of personal jurisdiction.

7. **Venue**. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, including Defendant's transmission of unlawful telemarketing to Plaintiff who was located in this district.

## PARTIES

8. Plaintiff is a natural person and, at all relevant times, was a resident of Broward County, Florida.

9. Defendant is a legal entity organized under the laws of Washington with its principal place of business in Snohomish County, Washington.

## TCPA BACKGROUND

10. In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, to curb the explosive growth of abusive telemarketing practices that invade consumer privacy and disrupt daily life. Congress recognized that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy," particularly through automated technologies like robocalls and text messages. Pub. L. No. 102-243, § 2(5) (1991). The TCPA targets unwanted calls and text messages, such as those alleged herein, to protect consumers from unsolicited intrusions. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (noting TCPA's response to "voluminous consumer complaints about abuses of telephone technology").

11. Violations of the TCPA cause concrete harms like invasion of privacy and annoyance, which Congress deemed actionable without additional injury. *See Drazen v. Pinto*, 74 F.4th 1336, 1346 (11th Cir. 2023) ("[W]e hold that the receipt of an unwanted text message causes a concrete injury[.]"); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) (citing *Spokeo*, 578 U.S. at 341).

12. The TCPA prohibits initiating any call, other than for emergency purposes or with prior express consent, using an ATDS or an artificial or prerecorded voice to a cellular telephone number. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1)(iii). An ATDS is defined as equipment with the capacity to store or produce numbers using a random or sequential number generator and dial them. 47 U.S.C. § 227(a)(1); *see Facebook, Inc. v. Duguid*, 592 U.S. 395, 405 (2021).

13. Express written consent under the TCPA is defined as "an agreement, in writing, that bears the signature of the person called or texted that clearly and conspicuously authorizes no more than one identified seller to deliver or cause to be delivered to the person called or texted advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice." 47 C.F.R. § 64.1200(f)(9). A called party may revoke prior express consent to receive calls or text messages by using "any reasonable method to clearly express a desire not to receive further calls or text messages from the caller or sender." 47 C.F.R. § 64.1200(a)(10).

14. The TCPA provides statutory damages of $500 per violation, trebled to $1,500 for willful or knowing violations, and injunctive relief to halt ongoing misconduct. 47 U.S.C. § 227(b)(3), (c)(5).

**FACTUAL ALLEGATIONS**

15. At all relevant times Plaintiff was a residential subscriber and primary user of a cellular telephone number ending in 8107.

16. This is Plaintiff's personal phone line that is used as Plaintiff's residential phone line and is the primary means for friends and family to reach Plaintiff at home.

17. Plaintiff had no prior relationship with Defendant.

18. Defendant initiated or caused to be initiated numerous unlawful prerecorded calls to Plaintiff's telephone number in violation of the TCPA.

19. Below are non-exhaustive examples of some of the unlawful prerecorded calls that Defendant initiated to Plaintiff, and upon information and belief, Plaintiff alleges that discovery will identify additional unlawful communications to Plaintiff's phone that were initiated by Defendant or on its behalf within the last four years.





20. The caller identification "Caller ID" number associated with these solicitations is owned and/or controlled by Defendant.

21. Based on the investigation of Plaintiff's counsel, the prerecorded calls identified above were initiated by Defendant or on its behalf.

22. When listening to the call, Plaintiff easily determined that the voice was prerecorded because: (1) there was a delay before the prerecorded voice started; (2) the voice was robotic and monotone; (3) the voice read a generic message designed for *en masse* transmission; and (4) the message was impersonal and did not identify Plaintiff or any specific recipient. *See Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171 at 10-11 (N.D. Ga. June 23, 2016) ("When one receives a call it is a clear-cut fact easily discernible to any lay person whether or not the recipient is speaking to a live human being or is instead being subjected to a prerecorded message."). Plaintiff is able to provide the Court with audio files of Defendant's voicemails to demonstrate they are prerecorded.

23. Plaintiff never gave prior express written consent, or prior express permission or invitation to receive prerecorded calls from Defendant.

24. In pre-suit discussions between the parties, Defendant was initially unable to produce any evidence at all of Plaintiff's consent to receive prerecorded calls. Eventually, after having produced other purported evidence that did not constitute consent, Defendant produced a purported agreement between Plaintiff and a third-party (who is not Defendant) purporting to grant consent to receive prerecorded calls—**but only for specifically delineated reasons** that do not include the reason for Defendant's prerecorded calls at issue here: (1) to provide "information and notifications about the community," (2) "regarding renewal of your lease," (3) to provide "other non-marketing, informational purposes, including in connection with the expiration of your lease," and (4) to provide "other offers."

6

25. The prerecorded calls that Defendant made to Plaintiff here, upon information and belief, were made in connection with an attempt to collect a debt.

26. Without conceding that the purported agreement Defendant produced is valid, binding, or enforceable (which Plaintiff disputes), an attempt to collect a debt is not one of the specifically delineated types of communications for which consent was sought.

27. Thus, assuming *arguendo* that Plaintiff provided any consent that could be relied on by Defendant, pursuant to the above, any such hypothetical consent, at best, would have been "limited *i.e.* restricted, consent for the receipt of automated calls" that did not provide any consent to receive debt-collection-related calls from a third-party debt collector. *See Schweitzer v. Comenity Bank*, 866 F.3d 1273, 1276-77 (11th Cir. 2017) (collecting authorities).

28. This concept of limited consent is deeply ingrained in the common law, and the Eleventh Circuit has held that it applies equally in the TCPA context: "We therefore conclude that the TCPA allows a consumer to provide limited, i.e., restricted, consent for the receipt of automated calls." *Id.* at 77.

29. Thus, to the extent Plaintiff hypothetically provided any consent at all, it was consent limited to calls involving information about the community, renewal or expiration of a lease, and other offers and non-marketing informational messages. No consent was given to receive prerecorded calls for the purpose of collecting a debt.

30. Defendant's unlawful prerecorded calls caused Plaintiff and the Class members concrete injury and actual damages, including inconvenience, invasion of privacy, aggravation, annoyance, intrusion upon seclusion, wasted time, consumption of their phone battery and/or data, violation of their statutory privacy rights, and disruption to their personal and daily life as Plaintiff received the unlawful prerecorded calls at inconvenient times, causing Plaintiff to stop to check

their phone to confirm the prerecorded calls were not for an emergency purpose, and because Plaintiff was forced to spend time investigating the source of the prerecorded calls and seeking out legal counsel to stop Defendant's harassing solicitations.

31. Based upon information and belief, Defendant maintains and/or has access to outbound and inbound transmission reports for all prerecorded calls sent for the purpose of encouraging or promoting the sale of its goods and services, which show the dates, times, target telephone numbers, and content of each telephone solicitation made to Plaintiff and the Class members.

## CLASS ALLEGATIONS

32. Plaintiff brings this action individually and as a class action under Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the following proposed Class:

> **TCPA Prerecorded Voice Class**: All persons in the United States who, during the period beginning four years prior to the filing of this action and the date of class certification, (1) received a telephone call (2) on their cellular phone (3) from Defendant or on its behalf (4) that used an artificial or prerecorded voice, (5) and from whom Defendant does not possess evidence of prior express written consent to such calls.

33. Plaintiff reserves the right to expand or narrow the Class definition following discovery.

34. Excluded from the Class are Defendant and its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

35. *Numerosity*. The members of the Class are so numerous that individual joinder is impracticable. Although the exact number of Class members is unknown, Plaintiff alleges upon information and belief that each Class includes at least 40 members based on the nature and objective of prerecorded message campaigns, which are designed to reach a large numbers of

consumers. Class members are ascertainable through objective criteria, such as Defendant's call and text records, which Defendant maintains, allowing identification through discovery.

36. ***Common questions of law and fact predominate.*** There are numerous questions of law and fact that are common to the Class that predominate over any questions affecting only individual members of the Class, which will produce common answers that will drive resolution of the litigation, and they include, but are not limited to, the following:

  a. Whether Defendant used an artificial or prerecorded voice to make the calls at issue;

  b. Whether Defendant's conduct was knowing and/or willful;

  c. Whether Plaintiff and the Class are entitled to statutory damages and the amount of such damages; and

  d. Whether Defendant should be enjoined from further violations of law as alleged herein.

37. These questions will be answered in one fell swoop for all Class members using common evidence that includes Defendant's business records reflecting the calls it placed using a prerecorded voice to specific telephone numbers, at specific times, on specific days.

38. ***Typicality***. Plaintiff's claims are typical of the Class members' claims under Fed. R. Civ. P. 23(a)(3) because they arise from the same course of conduct by Defendant and are based on the same legal theories. Plaintiff and Class members suffered similar harms, and Plaintiff is not subject to unique defenses.

39. ***Adequacy of representation***. Plaintiff will fairly and adequately protect the Class's interests under Fed. R. Civ. P. 23(a)(4). Plaintiff has retained counsel experienced in complex consumer class actions and TCPA litigation and intends to vigorously prosecute this action. Plaintiff has no interests antagonistic to the Class.

40. **Superiority**. A class action is superior to other methods for fairly and efficiently adjudicating this controversy under Fed. R. Civ. P. 23(b)(3). Individual litigation is economically infeasible due to the high costs relative to individual, making separate lawsuits impractical. Class treatment avoids burdening the court system with numerous individual cases and prevents inconsistent rulings or standards for Defendant. For example, one court might enjoin Defendant's conduct while another might not, creating conflicting obligations. Class members are unlikely to pursue individual claims due to the modest damages relative to litigation costs.

41. In addition to satisfying the prerequisites of Fed. R. Civ. P. 23(a), Plaintiff satisfy the requirements for maintaining a class action under Fed. R. Civ. P. 23(b) because:

   a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

   b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

   c. Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

   d. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## CAUSES OF ACTION

### COUNT 1

**Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)**
**(On Behalf of Plaintiff and the TCPA Prerecorded Voice Class)**

42. Plaintiff incorporates by reference and realleges the allegations in the paragraphs above, as though fully set forth herein.

43. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using…an artificial or prerecorded voice…to any telephone number assigned to a…cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

44. As alleged herein, Defendant—or third-parties acting on Defendant's behalf—initiated telephone calls to the cellular telephone numbers of Plaintiff and the Class using an artificial or prerecorded voice.

45. Defendant did not have prior express written consent to place make such calls to Plaintiff and the Class.

46. Defendant, therefore, violated Section 227(b)(1)(A)(iii).

47. As a result of Defendant's violations of the TCPA, Plaintiff and the Class members were harmed.

48. Plaintiff and the Class members are entitled to injunctive relief to stop Defendant's ongoing and future violations of the TCPA. 47 U.S.C. § 227(b)(3)(A).

49. Plaintiff and the Class members are also entitled to an award of statutory damages of $500.00 for each call that Defendant placed in violation of the TCPA. 47 U.S.C. § 227(b)(3)(B).

50. Because Defendant knew or should have known that it was placing calls using an artificial or prerecorded voice without prior express written consent, Defendant's violations of the TCPA were willful or knowing.

51. Under the TCPA, Plaintiff and the Class are entitled to an award of treble statutory damages of $1,500.00 for each call that Defendant placed in knowing or willful violation of the TCPA. 47 U.S.C. § 227(b)(3)(C).

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, call logs, text message records, or other itemizations associated with the allegations herein, including those in the possession of any vendors, individuals, or companies contracted, hired, or directed by Defendant to assist in initiating the alleged unlawful solicitations. This includes but is not limited to records identifying telephone numbers contacted, dates and times of the solicitations, consent documentation, and do-not-call requests.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, prays for the following relief:

A. An order certifying the Class, appointing Plaintiff as Class Representative, and Plaintiff's counsel as Class Counsel;

B. An award to Plaintiff and each Class member of actual damages;

C. An award to Plaintiff and each Class member of statutory damages of $500 per violation of the TCPA, trebled to $1,500 for knowing or willful violations;

D. An injunction prohibiting Defendant from further violations of the TCPA;

E. An award to Plaintiff and the Class of their reasonable attorney's fees as available under the law;

F. An award to Plaintiff and the Class of their costs of this action as available under the law;

G. An award to Plaintiff and the Class of post-judgment interest as available under the law; and

H. Any such further and other relief as the Court deems just and equitable.

Dated: October 29, 2025                    Respectfully submitted,


*/s/ Christopher Gold*
Christopher Gold, Esq.
Florida Bar No. 088733
**GOLD LAW, PA**
350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139
Tel: 305-900-4653
chris@chrisgoldlaw.com

*Lead Counsel for Plaintiff and the Proposed Class*


*/s/ Garrett Berg*
Garrett Berg, Esq.
Florida Bar No. 1000427
**GARRETT BERG LAW, P.A.**
555 NE 15th St., PH A
Miami, FL 33132
garrett@gberglegal.com

*Counsel for Plaintiff and the Proposed Class*